FOX ROTHSCHILD LLP
Carolyn D. Richmond, Esq.
Alexander W. Leonard, Esq.
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7918
(212) 692-0940 (fax)
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUFINO CANO, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  -against-<br><br>NINETEEN TWENTY FOUR, INC. d/b/a ROBERTA'S PIZZERIA, BRANDON HOY, CARLO MIRARCHI, CHRISTOPHER PARACHINI, and JOHN DOE CORPS. #1-10, Jointly and Severally,<br><br>       Defendants. | Civil Action No. 15-cv-4082 (RRM)(RER)<br><br>ECF Case<br><br>**<u>ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS & COLLECTIVE ACTION COMPLAINT</u>** |

TO: Brent E. Pelton, Esq.
   Taylor B. Graham, Esq.
   PELTON & ASSOCIATES P.C.
   *ATTORNEYS FOR PLAINTIFF*
   111 Broadway, Suite 1503
   New York, New York 10006
   (212) 385-9700

Defendants Nineteen Twenty Four, Inc. d/b/a Roberta's Pizzeria (hereinafter "Roberta's"), Brandon Hoy, Carlo Mirarchi, and Christopher Parachini (collectively "Defendants") by and through their attorneys, Fox Rothschild LLP, hereby answer the Class & Collective Action Complaint of Plaintiff Rufino Cano ("Plaintiff") filed July 10, 2015 (the "Complaint"), as follows:

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated any law and/or that they harmed Plaintiff in any way.

## INTRODUCTION

1.      Defendants deny the allegations set forth in Paragraph 1 of the Complaint, except admit that Roberta's received a two-star review from the New York Times in August 2011, two-stars from Michelin, and has enjoyed critical acclaim.

2.      Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendants admit that Plaintiff purports to proceed pursuant to the statutory provisions recited in Paragraph 5 of the Complaint and seeks the recovery of "overtime premium pay," "spread-of-hours premiums," and "failure to provide proper wage notices and wage statements."  However, Defendants deny that they violated the law and deny that Plaintiff is entitled to any damages or claim for relief.

6.      Defendants admit that Plaintiff purports to proceed on behalf of himself and all similarly situated hourly, non-management employees pursuant to the statutory provisions recited in Paragraph 6 of the Complaint." However, Defendants affirmatively deny the existence of any putative class, collective, and/or similarly situated individuals and further deny that they violated the law and deny that Plaintiff is entitled to any damages or claim for relief.

## JURISDICTION AND VENUE

7.      In response to the allegations set forth in Paragraph 7 of the Complaint, Defendants admit that this Court has subject matter jurisdiction over claims brought under the

Fair Labor Standards Act ("FLSA") pursuant to the cited provisions, but deny that any violation of the FLSA has occurred.  Defendants further deny that the Court can or should exercise supplemental jurisdiction over Plaintiff's state law claims.

8.      In response to the allegations set forth in Paragraph 8 of the Complaint, to the extent jurisdiction is properly exercised, Defendants admit that venue properly lies in this district.

9.      In response to the allegations set forth in Paragraph 9 of the Complaint, Defendants admit that this Court is empowered to issue declaratory judgments pursuant to the statutory provisions cited, but deny that any such declaratory judgment is warranted or that Defendants engaged in any wrongdoing.

## THE PARTIES

**Plaintiff:**

10.      Defendants deny the allegations contained in Paragraph 10 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the location of Plaintiff's residence.

11.      Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12.      The allegations set forth in Paragraph 12 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff purports to consent to be a party to this action pursuant to the statutory provisions cited.

**Defendants:**

13.      Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14.      Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15.      Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

3

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. The allegations set forth in Paragraph 21 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants admit the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. The allegations set forth in Paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 25 of the Complaint and affirmatively deny the existence of any putative collective and/or similarly situated individuals and further deny that they violated the law and deny that Plaintiff is entitled to any damages or claim for relief.

26. The allegations set forth in Paragraph 26 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 26 of the Complaint and affirmatively deny the existence of any putative collective, class, and/or similarly situated individuals and further deny that they violated the law and deny that Plaintiff is entitled to any damages or claim for relief.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint, except admit that Defendant Roberta's has had gross revenues in excess of $500,000.00.

4

## COLLECTIVE ACTION ALLEGATIONS

28.     Defendants admit that Plaintiff purports to proceed on behalf of himself and all similarly situated hourly, non-management employees pursuant to the statutory provisions recited in Paragraph 28 of the Complaint. However, Defendants affirmatively deny the existence of any putative collective and/or similarly situated individuals and further deny that they violated the law and deny that Plaintiff is entitled to any damages or claim for relief.

29.     The allegations set forth in Paragraph 29 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 29.

30.     The allegations set forth in Paragraph 30 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 30.

## RULE 23 CLASS ALLEGATIONS

31.     Defendants admit that Plaintiff purports to proceed on behalf of himself and all similarly situated hourly, non-management employees pursuant to the statutory provisions recited in Paragraph 31 of the Complaint.  However, Defendants affirmatively deny the existence of any putative class and further deny that they violated the law and deny that Plaintiff is entitled to any damages or claim for relief.

32.     The allegations set forth in Paragraph 32 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 32.

33.     The allegations set forth in Paragraph 33 of the Complaint are legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 33.

34.     The allegations set forth in Paragraph 34 of the Complaint are legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 34.

35.     The allegations set forth in Paragraph 35 of the Complaint, including but not limited to subparagraphs (a) through (i) to Paragraph 35, are legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 33, including but not limited to subparagraphs (a) through (i) to Paragraph 35.

36.     The allegations set forth in Paragraph 36 of the Complaint are legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 36.

37.     The allegations set forth in Paragraph 37 of the Complaint are legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 37.

38.     The allegations set forth in Paragraph 38 of the Complaint are legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 38.

39.     Defendants deny knowledge or information sufficient to form a belief as to Plaintiff's counsel's experience and preparations to represent the interests of the putative class as set forth in Paragraph 39 of the Complaint.

40.     The allegations set forth in Paragraph 40 of the Complaint are legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 40.

## STATEMENT OF FACTS

**Defendants' Restaurant**

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint, and respectfully refer the Court to the documentary evidence cited by Plaintiff therein for the true and correct contents thereof.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Complaint, and respectfully refer the Court to the documentary evidence cited by Plaintiff therein for the true and correct contents thereof.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Complaint, and respectfully refer the Court to the documentary evidence cited by Plaintiff therein for the true and correct contents thereof.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

**Plaintiffs' Work for Defendants**

47.     Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint, except admit that Plaintiff Cano was always paid by Defendant Roberta's and received notice of his relevant pay period, the amount of money received, and hours worked.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint, except admit that Plaintiff Cano tracks the numbers of hours he works by punching in and punching out on a time clock and aver that Plaintiff's correct hours worked were recorded and maintained by Defendant Roberta's.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58. Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61. Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

**Defendants' Unlawful Corporate Policies**

64. Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67. Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

69.     Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 68 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

70.     The allegations set forth in Paragraph 70 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71.     The allegations set forth in Paragraph 71 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME

73.     Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 72 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

74.     The allegations set forth in Paragraph 74 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

## THIRD CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS</u>

76.      Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 75 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

77.      The allegations set forth in Paragraph 77 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78.      Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

## FOURTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE</u>

79.      Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 78 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

80.      The allegations set forth in Paragraph 80 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81.      Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

## FIFTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENT</u>

82.      Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 81 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

83.     The allegations set forth in Paragraph 83 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

## PRAYER FOR RELIEF

85.     In response to this paragraph and sub-paragraphs "(a)" through and including "(m)" that follow the phrase "Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:" Defendants deny the allegations set forth in that paragraph and all of the sub-paragraphs and affirmatively aver that neither Plaintiff nor any individual or group whom Plaintiff purports to represent are entitled to any of the relief requested or any other relief.

## DEMAND FOR TRIAL BY JURY

86.     Defendants admit that Plaintiff demands a trial by jury as to all questions triable by a jury.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint, and each claim purported to be alleged therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      The Complaint, and each claim purported to be alleged therein, is barred in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel, waiver, and/or avoidable consequences.

## THIRD AFFIRMATIVE DEFENSE

3.      To the extent Plaintiff and putative collective and/or class members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## FOURTH AFFIRMATIVE DEFENSE

4.      At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

## FIFTH AFFIRMATIVE DEFENSE

5.      With respect to some or all of the claims brought or allegedly brought by the Plaintiff on behalf of himself and/or on behalf of any putative collective and/or class action, Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in complete compliance with applicable law.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff cannot establish or satisfy the requirements necessary to proceed collectively under 29 U.S.C. § 216(b) because, *inter alia*, Plaintiff is not similarly situated to the putative collective.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff and/or the putative collective and/or class action members are precluded from recovering any amounts from Defendants where Defendants have paid Plaintiff or the putative collective and/or class action members all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq.*, Article 6 of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.*, and all of their implementing regulations (collectively "Applicable Law").

## NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff may not recover liquidated damages, because: (1) Defendants and all of their officers, directors, managers, and agents acted in good faith and did not commit willful violation of Applicable Law; (2) Defendants and their officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiff or any alleged member of any putative collective and/or class action, the existence of which Defendants affirmatively denies; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff and all putative collective and/or class action members are precluded from recovering any amounts from Defendants for failure to pay compensation for hours worked because such time was worked without manager knowledge or approval.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York Labor Law or other state laws.

## TWELFTH AFFIRMATIVE DEFENSE

12.    The Complaint fails to state a claim upon which relief consisting of compensatory or liquidated damages or any other damages, interests, costs, or fees allowed by applicable law may be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff's and the putative collective action members' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exclusions, exceptions, offsets or credits provided for in the Fair Labor Standards Act, the New York Labor Law, and their implementing regulations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Plaintiff's claims are barred in whole or in part to the extent that some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947 and/or New York law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     Plaintiff's and the putative collective and/or class action members' claims are barred by the doctrine of res judicata and collateral estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     The Court lacks personal jurisdiction over one or more Defendants.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     All affirmative defenses set forth in the New York Wage Theft Prevention Act including but not limited to Defendants having made complete and timely payment of all wages due.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     All affirmative defenses provided by Section 195 of the New York Labor Law and all statutory affirmative defenses to New York State record keeping requirements.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     To the extent any members of the putative classes have signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff is not entitled to equitable relief insofar as they have an adequate remedy at law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     The Complaint should be dismissed as to the individual Defendants because they were not the employer(s) of Plaintiff or any other allegedly similarly situated person under the FLSA, New York Labor Law, or any other law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiffs are unable to meet the criteria necessary to maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Defendants reserve the right to assert such other additional and/or affirmative defenses that may become known to them through discovery.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## <u>DEFENDANTS' PRAYER FOR RELIEF</u>

**WHEREFORE**, having fully answered and responded to the allegations of the Complaint, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff as follows:

(A)    Dismiss all Plaintiff's claims in their entirety and with prejudice;

(B)    Deny each and every request for relief sought by Plaintiff in his Complaint;

(C)    Enter judgment against Plaintiff and for Defendants;

(D)    Award Defendants their costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

(E)    Grant Defendants such other and relief as this Court may deem just and proper.

Dated:  New York, New York          FOX ROTHSCHILD LLP
         September 25, 2015

                               By: s/Carolyn D. Richmond
                                 Carolyn D. Richmond
                                 Alexander W. Leonard
                               100 Park Avenue, Suite 1500
                               New York, New York 10017
                               (212) 878-7900

                               *Attorneys for Defendants*